UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LISA T. o/b/o T.M.,

                                          Plaintiff,

                                                          DECISION AND ORDER

                                                          21-CV-6052L

                v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                            Defendant.
_____

       Plaintiff, on behalf of her minor son, T.M. ("claimant"), appeals from a denial of supplemental security income benefits by the Acting Commissioner of Social Security ("the Commissioner"), based on the Commissioner's finding that T.M. was not disabled.

       Plaintiff protectively filed an application for supplemental security income on December 26, 2018, on T.M.'s behalf. That claim was initially denied on April 1, 2019, and again on reconsideration on June 4, 2019. Plaintiff requested a hearing, which was held on May 20, 2020, via teleconference with Administrative Law Judge ("ALJ") John G. Farrell. (Dkt. #5 at 18). On June 24, 2020, the ALJ issued a decision concluding that T.M. was not disabled. (Dkt. #5 at 18-25). That decision became the final decision of the Commissioner when the Appeals Council denied review on November 24, 2020. (Dkt. #5 at 1-4). Plaintiff now appeals.

       Plaintiff has moved for remand of the matter for further proceedings (Dkt. #6), and the Commissioner has cross moved (Dkt. #7) for judgment on the pleadings, pursuant to Fed. R. Civ. Proc. 12(c). For the reasons that follow, I find that the Commissioner's decision is supported by substantial evidence, and was not the product of legal error.

## DISCUSSION

**I.     Relevant Standards**

Because the claimant is a child, a particularized, three-step sequential analysis is used to determine whether he is disabled. First, the ALJ must determine whether the claimant is engaged in substantial gainful activity. *See* 20 CFR §416.924. If so, the claimant is not disabled. If not, the ALJ proceeds to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act. If not, the analysis concludes with a finding of "not disabled." If the claimant has one or more severe impairments, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment. If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §416.924), the claimant is disabled. If not, he is not disabled. In making this assessment, the ALJ must measure the child's limitations in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being. Medically determinable impairments will be found to equal a listed impairment where they result in "marked" limitations in *two or more* domains of functioning, or an "extreme" limitation in one or more. 20 CFR §§416.926a(a), (d) (emphasis added).

The Commissioner's decision that T.M. is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

## II. The ALJ's Decision

The ALJ initially found that since the December 26, 2018 application date, T.M. (12 years old at the time of the application) has had the severe impairment of attention deficit hyperactivity disorder ("ADHD"). (Dkt. #5 at 19). The ALJ proceeded to analyze whether T.M. has any "marked" or "extreme" limitations in any of the six domains of functioning.

Based on the medical, educational and testimonial evidence presented, the ALJ concluded that T.M. had a less than marked limitation in acquiring and using information, a less than marked limitation in attending and completing tasks, a less than marked limitation in interacting and relating with others, no limitation in moving about and manipulating objects, no limitation in caring for himself, and no limitations in health and physical well-being. The ALJ accordingly concluded that T.M. was "not disabled." (Dkt. #5 at 20-25).

## III. The ALJ's Evaluation of The Evidence of Record

Plaintiff argues that the ALJ failed to properly evaluate a Teacher Questionnaire completed by Jennifer Genagon, who was T.M.'s English and Language Arts teacher for the majority of the 2019-2020 school year, and that his findings with respect to the domains of acquiring and using information, attending and completing tasks, and interacting and relating with others, were not supported by substantial evidence and were the product of legal error.

Ms. Genagon completed a questionnaire on May 8, 2020, for the period from September 2019 through March 2020, when she taught T.M. for one hour per day. She noted T.M.'s difficulties with maintaining attention and concentration, and his need for frequent redirection, step-by-step instructions, and additional breaks. She opined that he has: (1) "serious" to "very serious" problems in most tasks within the domain of acquiring and using information; (2) "serious" to "very serious" problems occurring as frequently as "hourly" in most tasks within

domain of attending and completing tasks; and (3) "serious" to "very serious" problems in five of the thirteen tasks assessed in the domain of interacting and relating with others. (Dkt. #5 at 303-306). Ms. Genagon noted "no" or only "slight" problems in the bulk of tasks assessed for the domains of moving about and manipulating objects, self-care, and physical well-being. (Dkt. #5 at 307-10).

The ALJ found Ms. Genagon's assessment to be "somewhat overstated and not very persuasive," based on the fact that it "assessed a time period of less than 12 months" and was "not consistent with other evidence in the record, including testimony concerning the claimant's daily activities, [his attendance in] regular education classes," his "frequent social interactions," his ability to attend and concentrate while frequently playing videogames, and the fact that he had never needed to repeat a grade. (Dkt. #5 at 25).

I find no reversible error in the ALJ's finding that Ms. Genagon's assessment was "not very persuasive," or in his implicit determination that it did not support a finding of "marked" or greater limitations in any domain. Although teacher questionnaires are unquestionably probative of a child's limitations, courts have consistently rejected the argument that a teacher's opinion that a child has "serious" or "very serious" limitations in one or more areas of a functional domain is the equivalent of a "marked" limitation in that domain, particularly where, as here, medical opinion evidence indicated no more than moderate limitations. *See Candice M. v. Commissioner*, 2022 U.S. Dist. LEXIS 37825 at *7-*8 (W.D.N.Y. 2022)(collecting cases, and holding that the proposition that teacher questionnaires indicating "serious" or "very serious" problems equate to marked or extreme limitations is "without legal authority"); *Bertina K. v. Commissioner*, 2022 U.S. Dist. LEXIS 146610 at *7 (W.D.N.Y. 2022)(same). *See also White o/b/o T.R.W. v. Berryhill*, 2019 U.S. Dist. LEXIS 50673 *12 n.3 (W.D.N.Y. 2019).

On balance, I find that the ALJ's determination that T.M.'s limitations were "less than marked," was supported by substantial evidence, and that his observation that Ms. Genagon's assessment was inconsistent with other evidence in the record was not erroneous. Evidence suggesting a finding of "less than marked" limitations in the relevant domains included the opinions of consulting psychologist Dr. Yu-Ying Lin (Dkt. #5 at 332-35), consulting psychologist Dr. Stephen Farmer (Dkt. #5 at 532-35), reviewing state agency consultants P. Ude, Dr. M. Momot-Baker, and Dr. I Sinha (Dkt. #5 at 74-78, 84-91, 93-98), and the opinion of T.M.'s fourth grade teacher Dawn Otto (Dkt. #5 at 232-39), all of whom indicated that T.M. had no more than mild (or in the case of Ms. Otto, no "serious" or greater) problems in any domain.

Furthermore, as the ALJ observed, T.M.'s ADHD treatment records generally indicated that although his symptoms periodically waxed and waned, overall they were improved, and typically described as "controlled," by medication. (Dkt. #5 at 427, 430, 433, 436, 440, 443, 446, 449, 455, 458, 461, 464, 470, 473, 476, 479, 482). Although a Section 504 plan was implemented beginning in 2019-20 to address behavioral issues stemming from T.M.'s distractibility, he was proceeding through a regular education program with overall grades last reported between 60 and 88 (for the 2017-18 school year), and had not been retained to repeat any grades.

Because Ms. Genagon's assessment was at odds with the bulk of the record, and because teacher questionnaire indications of "serious" or "very serious" problems do not by themselves compel a finding of marked limitations in any event, the ALJ did not err in declining to find the assessment persuasive, or in concluding that it did not support a finding of marked or greater limitations in any domain.

I have considered the rest of plaintiff's claims, and find them to be without merit.

**CONCLUSION**

For the foregoing reasons, I find that the ALJ's decision is supported by substantial evidence, and was not the product of legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #6) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #7) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 3, 2023.